7]                JANUARY TERM, 1925.                613·

State ex rel. Kieckhefer v. Cary, 186 Wis. 613.

STATE EX REL. KIECKHEFER, Respondent, vs. CARY, County
Clerk, etc., Appellant.

*March 12—April 7, 1925.*

*Taxation: Statutes amending income tax act: Retrospective effect.*

1. A legislative act not remedial in nature will not be construed to
   act retrospectively unless the language used clearly evinces
   such a purpose. p. 615.
2. Sub. (3), sec. 71.04, Stats. 1921, as amended by sec. 6, ch. 310,
   Laws 1923, so as to except from allowable income tax de-
   ductions losses on the sale of property purchased and held
   for pleasure or recreation, is not retrospective so as to affect
   a deduction for a loss from the sale of such property in 1922.
   p. 616.
3. Assessors of incomes must assess incomes for the year as the
   law stands on the January 1st succeeding the year of the
   incomes assessed, although during the year the statute be
   amended, unless a retrospective effect to the amendment and
   a reassessment in accordance therewith be clearly expressed.
   [The constitutionality of such amendments not passed upon.]
   p. 617.

APPEAL from a judgment of the circuit court for Mil-
waukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Af-
firmed.*

The relator owned a summer home which he sold in 1922
at a loss of $9,354.95 not compensated for by insurance or
otherwise. He deducted this loss from his gross income in
his income tax statement for 1922, which was returned in
due time. On July 18, 1923, the assessor of incomes for
Milwaukee county disallowed the deduction. It was later
disallowed by the assessor, the county board of review, and
by the Wisconsin tax commission. Upon a writ of *certiorari*
to the defendant the circuit court for Milwaukee county
reversed the action of all the taxing officers and held the
relator was entitled to the deduction claimed. From a judg-
ment entered accordingly the defendant appealed.

For the appellant there was a brief by the *Attorney Gen-
eral, Franklin E. Bump,* assistant attorney general, *Eugene*

*Wengert,* district attorney of Milwaukee county, and *Daniel W. Sullivan,* first assistant district attorney, and oral argument by *Mr. Sullivan* and *Mr. Bump.*

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *John L. Neuman,* all of Milwaukee.

VINJE, C. J.   During the year 1922 and at the time the relator returned his income tax statement the law allowed deductions from incomes of persons other than corporations as follows:

"(3) Losses during the year and not compensated for by insurance or otherwise, provided that no loss resulting from the operation of business or the ownership of property may be allowed as a deduction unless the income which might be derived from such business or property would be subject to taxation under this act."   Sub. (3), sec. 71.04, Stats.

By ch. 310, Laws of 1923, taking effect June 29, 1923, this subdivision was amended as follows:

"Losses during the year not compensated by insurance or otherwise, provided that no loss resulting from the operation of business conducted without the state, or the ownership of property located without the state, may be allowed as a deduction, and provided further that no loss may be allowed on the sale of property purchased and held for pleasure or recreation and which was not acquired or used for profit."

It is the claim of the appellant that ch. 310 of the Laws of 1923 relates to all incomes subject to assessment after the act became effective, and that it became the duty of the assessor of incomes to deduct losses of the kind in question after the passage of ch. 310 notwithstanding the losses had occurred during 1922; and that such losses could not be deducted on any income tax statement on which the assessment was made subsequent to the passage of the act.   It is the contention of the relator that the amendment affects only assessments on 1923 and subsequent incomes: that the act

State ex rel. Kieckhefer v. Cary, 186 Wis. 613.

in question is not retrospective in effect, that is, that it does not reach losses that were incurred in 1922 and assessments that have already been made or are to be made for incomes during the year 1922. It therefore becomes important to consider and determine whether or not the amendment of 1923 is retrospective in its effect so as to include losses which occurred prior thereto and which were deductible under the law as it stood during the whole of the year 1922.

It is a familiar principle of law that a legislative act not remedial in its nature will not be construed to act retrospectively unless the language used clearly evinces such a purpose. *White v. U. S.* 191 U. S. 545, 24 Sup. Ct. 171; *U. S. F. & G. Co. v. U. S.* 209 U. S. 306, 28 Sup. Ct. 537; *Read v. Madison,* 162 Wis. 94, 155 N. W. 954; *Quinn v. C., M. & St. P. R. Co.* 141 Wis. 497, 124 N. W. 653. An ambiguous statute will be construed to be non-retrospective. *Quinn v. C., M. & St. P. R. Co., supra.* There is nothing in the amendment in question to indicate that it is intended to act retrospectively, that is, upon losses which had occurred and been reported and deducted under the law as it then stood previous to the enactment of the amendment of 1923. The law both previous and subsequent to the enactment, with reference to the time of assessment of incomes, was as follows:

"The state tax commission and the assessors of incomes shall annually on the first day of January, or as soon thereafter as practicable, proceed to assess as hereinafter provided, every income received during the preceding calendar year liable to taxation under the provisions of this statute." Sec. 71.09, Stats.

Income returns of individuals must be made on or before March 15th of each year for the preceding year. Therefore the time that elapses, at any rate between March 15th and June 29th, could and was no doubt occupied by income assessors in assessing incomes for the preceding year. If the statute in question be construed to be retrospective so

as to affect losses occurring in 1922, then it becomes evident, under the practice as it has existed since the income tax law went into effect, that the legislature should have directed assessors of incomes to reassess after the passage of the act all incomes for the year 1922, because obviously it could not have been the intent of the legislature that incomes for 1922 theretofore acted upon by assessors should be allowed to remain as they were, but incomes thereafter to be assessed should be subject to the amendment; that is, that losses occurring prior thereto should be allowable on incomes already assessed but should not be allowable on incomes thereafter to be assessed. This would work a very inequitable result, since it can be said to be a matter of common knowledge that in most of the counties of the state the work of the income tax assessors is largely if not fully completed by June 29th in each year. By giving a retrospective effect to this law the result would be that most of the taxpayers for 1922 would be allowed such a deduction while those whose assessment was not acted upon by the time the amendment took effect would not be entitled to the deduction of such a loss. This would manifestly work an injustice in the application of tax laws. As before stated, it seems incredible that such a legislative intent existed. On the other hand, if the law be construed to be prospective only in effect, the result works justice to everybody. Assessments of incomes for 1922 will be assessed under the law as it existed on the 1st day of January, 1923, when the statute authorizes and requires the assessors to begin the work of assessment of 1922 incomes, and losses occurring after such date would be subject to the law as amended and would be governed by the law existing January 1, 1924, which law would be applicable.

Counsel for respondent in their brief state:

"Sec. 71.04, Wisconsin Statutes of 1923, also makes clear the legislative intent that the right to deductions and the amount of the deductions is fixed as of December 31st

State ex rel. Kieckhefer v. Cary, 186 Wis. 613.

in any year.    This section allows each individual, in report-ing incomes for purposes of taxation, the following deduc-tions: (1) payments made within the year for wages, etc.; (2) ordinary and necessary expenses actually paid within the year in carrying on the profession, etc.; (3) losses during the year, etc.; (4) dividends or incomes received from stocks, etc., and mentions the words, 'during the assessment year;' (5) interest paid within the year, etc.; (6) taxes paid during the year; (7) certain contributions or gifts actually made within the year, etc., to an amount not in excess of ten per cent. of the taxpayer's taxable net income."

We think that this section, taken in connection with all the statutes relating to the assessment of incomes, clearly evinces the intent that the income for any one year shall be subject to the same rate and to the same deduction.    That is to say, that incomes of all persons for any one year are treated alike, subject to the same deductions and to the same rate in the class in which they occur.    From this it follows that assessors of incomes must assess the incomes for the year they are dealing with as the law stands on January 1st succeeding the year of the incomes assessed, and that the same rules must apply to the incomes for the year even though subsequently during the year there may be amendments to the law, unless such amendments clearly express the intent that there should be a reassessment for the previous year in accordance with the law as amended. As to the constitutionality of such amendments we express no opinion.

Counsel for the appellant place much reliance upon *Petition of Wausau Inv. Co.* 163 Wis. 283, 158 N. W. 81, and *State ex rel. Crucible S. C. Co. v. Wis. Tax Comm.* 185 Wis. 525, 201 N. W. 764.    The former case determines when a real-estate tax is levied and is of little or no help because of the difference in the statutes relating to the assessment of an income tax and the levy of a real-estate tax. In the latter case a taxpayer was delinquent, and the court

held that interest, provided for after delinquency, could be added to the amount reassessed. It was in the nature of a penalty for being delinquent, or rather a remedy whereby the state was made whole notwithstanding the delinquency. We have no such case here.

*By the Court.*—Judgment affirmed.