C. F. Burgess Laboratories, Appellant, vs. Conway and others (constituting the Wisconsin Tax Commission), Respondents.

*February 9—March 6, 1928.*

*Income taxes: Exchange of patents for corporate stock.*

Plaintiff, a corporation engaged in conducting an experimental laboratory, induced lumber companies to advance money to assist research work to find means of utilizing sawmill waste products, and a corporation was organized with a capital of $1,000,000, to which plaintiff assigned certain patents as payment for corporate stock. *Held,* that the transaction was merely a substitution of one form of evidence of ownership for another, and such issue of stock was not a gain or profit or increase in actual value, taxable as income under sub. (2) (d) and (h), sec. 71.02, Stats. [*Miller v. Tax Commission, ante,* p. 219, followed.]

Appeal from a judgment of the circuit court for Dane county: A. G. Zimmerman, Circuit Judge. *Reversed.*

This action was commenced October 22, 1926, to review and set aside an increased income tax assessment to plaintiff confirmed by the defendants, *Tax Commission,* on October 1, 1926, and affirmed by the court below February 21, 1927.

The plaintiff, a Wisconsin corporation, has been for some time engaged, among other things, in the development of products and processes in the line of chemical engineering. In 1919, after having spent considerable money and time in trying to find practical means of utilizing sawmill waste products, plaintiff induced several large lumber companies to advance money to assist in further carrying on such research work. Anticipating that at least $1,000,000 would be so required, the interested parties in 1922 caused to be organized the Wood Conversion Company, a Delaware corporation, with a capital stock of $1,000,000, with 10,000 shares, each $100.

Plaintiff and that company then agreed in writing that plaintiff should assign to such company all patents (then and now of purely speculative value) and projects that it then had connected with such subject matter; should continue such research work exclusively for that company, with provisions for the payment of actual cost plus ten per cent., and many others not here material.

Plaintiff entered such contract and the patents at a valuation of $25,000 on its books and made return of such in its income tax return for the proper year. After $900,000 or more had been expended and after some of those originally interested had withdrawn from the scheme, $500,000 was added to the capital stock.

Plaintiff received, in consideration for its agreement, patents, etc., of such capital stock at par value as follows: in 1922, $50,000; in 1923, $32,000; in 1924, $8,000—a total of $90,000; besides which it paid in cash over $25,000 for additional stock at par. The stock of the Delaware corporation is not sold on the stock market; it has been issued to none but those directly interested as aforesaid; and none sold to any outsiders; and apparently no sales had between stockholders. Some plants and equipments have been discarded and they are at present marketing a heat-insulating material.

By an audit and reassessment in 1926 the *Tax Commission* fixed the value for income tax purposes of the said stock at $90,000, its par value, and as of the time it was given to plaintiff under the contract, instead of the above mentioned sum of $25,000, and increased the income tax assessments accordingly.

Action was brought to review such increases. ·The court below confirmed them, and plaintiff appeals.

For the appellant there were briefs by *Mason, Priestley & Hopkins* of Madison, and oral argument by *T. M. Priestley.*

For the respondents there was a brief by the *Attorney*

*General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

Eschweiler, J.   The *Tax Commission* and court below confirmed the assessment for income tax purposes of the stock issued to the plaintiff at its face or par value of $90,000. This was done largely in reliance upon the ruling in *State ex rel. Van Dyke v. Cary,* 181 Wis. 564, 191 N. W. 546, where it was held that under our law that a stock dividend is to be taxed as income, a resident stockholder in a Wisconsin corporation receiving such a stock dividend is held bound by such face value because of a statute requiring that the issue of capital stock shall be only for actual value.   Whether the same rule should apply to the issue of stock in a Delaware corporation, such as here presented, in view of the Delaware constitution and statute as construed by its courts and to the effect that it might be lawfully issued for less, as shown in *Peters v. U. S. Mortgage Co.* 13 Del. Ch. 11, 114 Atl. 598, we deem here immaterial.

This assessment must be supported, if at all, because the stock so issued to plaintiff was taxable income under sec. 71.02, Stats., and within either sub. (2) (d), "all profits derived from the transaction of business or from the sale of . . . capital assets," or sub. (2) (h), "all other gains, profits or income of any kind derived from any source whatever except," etc.

We are satisfied, however, that this stock so issued, taking the place, as it did, of the property interests embodied in the contract between plaintiff and the foreign corporation, was merely a substitution of one form of evidence of ownership for another form of evidence of ownership, and not a gain or profit or an increase in actual value.

The situation here is no different in substance from that presented and so recently passed upon in *Miller v. Tax Commission, ante,* p. 219, 217 N. W. 568, and the conclusion

there reached must control here, viz., that there was no taxable income under our statutes *supra* over and above the $25,000 by reason of the receiving by the plaintiff of the $90,000 of capital stock in exchange for its patents and contract obligations.

*By the Court.*—Judgment reversed.