ESTATE OF BELLIN: BELLIN, Executrix, Respondent, vs. TAX COMMISSION, Appellant.

*February 6—March 7, 1933.*

For the appellant there was a brief by the *Attorney General* and *F. C. Seibold,* assistant attorney general, and oral argument by *Mr. Seibold.*

For the respondent there was a brief by *W. W. Hughes* of Fond du Lac and *B. L. Parker* of Green Bay, and oral argument by *Mr. Hughes.*

FRITZ, J. The facts in relation to the transactions which the Tax Commission determined warranted an additional assessment of income, amounting to $164,139.11, for the year 1928, are undisputed. In 1915 Julius J. Bellin and two other persons organized the Bellin Building Company, a Wisconsin corporation, which completed and acquired, in exchange for its corporate stock, an office building, which was under construction on land in the city of Green Bay, which was owned by Bellin and one of his associates in the corporate organization. That building and the land constituted the capital assets of the corporation. By 1920 Bellin had increased his holdings as a stockholder until he owned 900 of the 901 outstanding shares of stock of the corporation; and that status continued until the corporation was liquidated and dissolved on April 30, 1928. Upon that liquidation, all of the property of the corporation, after paying $351.27 to the holder of the one share which Bellin did not own, was transferred to him in exchange for his 900 shares of stock, which had cost him $152,000. The net value of the property which he then received was $316,139.11. Consequently, he received an increase in value to the extent of $164,139.11, and that increase in value the Tax Commission held taxable income, as a gain, under the Statutes of 1927. Plaintiff contends that such an increase in value received by a stockholder upon corporate liquidation, and the conversion of his shares of stock into property by the exchange of his stock for the corporate property, is not taxable as income because the transaction is governed by the rule which was held applicable to the conversion of property into a controlling issue of corporate stock in *Miller v. Tax Commission*, 195 Wis. 219, 217 N. W. 568; *C. F. Burgess Laboratories v. Conway*, 195 Wis. 324, 218 N. W. 172; *Straus v. Tax Commission*, 201 Wis. 470, 229 N. W. 546.

However, because of the provisions of sec. 71.02 (2) (b) 3, Stats. 1927, the rule is otherwise upon the liquidation of a corporation and the distribution of its assets to its stock-

holders in exchange for their shares of stock. That section, so far as here material, provides:

"Amounts distributed in liquidation . . . shall be treated as payment in exchange for the stock, and the gain or loss to the distributee resulting from such exchange shall be determined under the provisions of this paragraph and section 71.02 (2) (d). No amounts received in liquidation shall be taxed as a gain until the distributee shall have received amounts in liquidation in excess of his cost . . . and any such excess shall be taxed as gain in the year in which received. . . . For the purposes of this paragraph a corporation shall be considered to be liquidating when it begins to dispose of the assets with which it carried on the business for which it was organized and begins to distribute the proceeds from the disposition of such assets, or the assets themselves. . . ."

Those provisions are part of sub. (2) of sec. 71.02, Stats. 1927, which provides that:

"The term 'gross income,' as used in this act, shall include: (a) . . . (b) all dividends derived from stocks . . .; provided, that the term 'dividends' as used in this section shall be held to mean all dividends derived from stocks whether paid to its shareholders in cash or property of the corporation."

That "income" for the purpose of taxation need not necessarily be money, but may consist of property, has been held in a number of cases. *State ex rel. Howe v. Lee* (1920) 172 Wis. 381, 383, 386, 178 N. W. 471 (stock); *State ex rel. Dulaney v. Nygaard* (1921) 174 Wis. 597, 183 N. W. 884 (dividend stock); *Cliffs Chemical Co. v. Tax Commission* (1927) 193 Wis. 295, 301, 214 N. W. 447 (goods); *West v. Tax Commission* (1932) 207 Wis. 557, 242 N. W. 165 (securities received as distribution in liquidation of corporation); *Motors Acceptance Co. v. Tax Commission* (1927) 193 Wis. 41, 45, 214 N. W. 64 (contracts). Consequently, by virtue of that par. (b) of sub. (2) of sec. 71.02, Stats., whether dividends are paid in cash or in

property of the corporation, they are to be included as income received by the stockholder. Likewise, by virtue of the provisions of sec. 71.02 (2) (b) 3, Stats., the amounts received by a stockholder, when distributed in liquidation—whether cash or property—"shall be treated as payment in exchange for the stock;" and the corporation "shall be considered to be liquidating" for the purposes of the statute when it "begins to distribute the proceeds . . . or the assets themselves." Manifestly, those provisions do not contemplate that a gain, in order to be taxable, must be the result of a sale for money. Instead, they are clearly to the effect that the distribution of either money or property may constitute a taxable dividend. Sec. 71.02 (2) (b), Stats. And the amount distributed in liquidation—whether the proceeds from the disposition of the corporate assets or "the assets themselves"—"shall be treated as payment in exchange for the stock," and shall be taxable as a gain to the distributee resulting from such exchange when the amount received in liquidation is in excess of his cost. Sec. 71.02 (2) (b) 3, Stats. Thus although it be but an "exchange" of shares of stock for some of the liquidating corporation's property, instead of a sale, the resulting gain to the stockholder is taxable when the amount received by him in liquidation is "in excess of his cost."

By the transfer of the corporate assets to Bellin in 1928, he acquired real property and the exclusive possession thereof. He could dispose of that property for his individual benefit at its market value, which was $316,139.11. As his stock had cost him but $152,000, he was then definitely enriched to the extent of the sum of $164,139.11, by which the value of that real property exceeded the original cost to him of his corporate stock. That excess was part of the liquidating dividend derived from his stock, and became taxable as such when he exchanged his stock for property, which had a market value at which he could sell it for his

own use and benefit. When the corporation transferred its property to him, he, in a legal sense, to the extent that the value thereof exceeded the cost of his investment, realized his gain, and that gain constituted income which became taxable. *Cullinan v. Walker,* 262 U. S. 134, 43 Sup. Ct. 495, 67 Lawy. Ed. 906, 909. See, also, *United States v. Phellis,* 257 U. S. 156, 42 Sup. Ct. 63, 66 Lawy. Ed. 180; *Rockefeller v. United States (N. Y. Trust Co. v. Collector of Internal Revenue),* 257 U. S. 176, 42 Sup. Ct. 68, 66 Lawy. Ed. 186; *Marr v. United States,* 268 U. S. 536, 45 Sup. Ct. 575, 69 Lawy. Ed. 1079; *Langstaff v. Lucas,* 9 Fed. (2d) 691, 694; *Newman v. Comm'r of Internal Revenue,* 40 Fed. (2d) 225; *Allen v. Comm'r of Internal Revenue,* 49 Fed. (2d) 716; *United States v. Siegel,* 52 Fed. (2d) 63; *Wildschutz v. Comm'r of Internal Revenue,* 60 Fed. (2d) 869.

The fact that Bellin's stock holdings were so large that he could control the corporation as freely as he could control the property which he received in exchange, makes no difference under sec. 71.02 (2) (b) 3, Stats. That section recognizes no exception because the stock exchanged for the corporate assets enabled the owner to control the corporation as fully as he could the property which he received on the exchange. In that respect it is significant that, although the legislature, in amending the statutes in 1927, expressly excepted from taxation gain on the transfer of property to a corporation "by one or more persons solely in exchange for stock in such corporation," when *"immediately after the exchange such . . . persons are in control of the corporation"* (sec. 71.02 (2) (i) 3, Stats.), no similar exception, because of a stockholder's having been in control of the corporation, was embodied in sec. 71.02 (2) (b) 3, which relates to the transfer of corporate property to a stockholder in exchange for stock. That omission rather indicates that the

fact of former control, by virtue of former ownership of the stock before the exchange was made, is immaterial in the case of gain through a transaction which is within the provisions of sec. 71.02 (2) (b) 3, Stats.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment confirming the assessment as modified by the Tax Commission.