## STATE REVENUE COMMISSION *et al. v.* LAZEAR.

No. 9906.   JULY 12, 1934.

*M. J. Yeomans, attorney-general, J. A. Smith, B. D. Murphy,* and *J. T. Goree,* for plaintiffs in error.

*Hull, Barrett & Willingham,* contra.

PER CURIAM.   The State Revenue Commission, on April 20, 1933, issued an income-tax fi. fa. against Jesse T. Lazear, for stated sums as principal and interest, alleged to be due by Lazear to the State of Georgia for deficiency in income taxes for the year 1929, and interest at one per cent. a month from June 10, 1932, under an act of the legislature approved August 22, 1929 (Ga. L. 1929, p. 92), which provided for levying and collecting a tax on net incomes in this State.   On levy of the fi. fa. the defendant filed an affidavit of illegality, setting out certain facts whereon he based his contention that the fi. fa. could not be enforced for the purpose of collecting the tax referred to.   Among these facts, which are not contested by the State, are these:   Lazear sold stock in 1929, prior to August 22, 1929, for more than he paid for some of it and for more than the value of the rest of it on March 1, 1913, which stock he had owned prior to this last date.   The larger part, though not quite all, of the increase in the value of the stock had occurred prior to January 1, 1929.   The State Revenue Commission is seeking to tax as income, under the act of 1929, supra, the difference between the cost price, or price on March 1, 1913, and the sales price realized at the sale prior to August 22, 1929.   Lazear denies that such is subject to tax.   While there are many grounds in the affidavit of illegality, the decision of the question as to Lazear's liability for the tax is controlling.

**168**

The court properly overruled the demurrer filed by the State Revenue Commission, and properly sustained the illegality. When the case of *Norman* v. *Bradley,* 173 *Ga.* 482 (160 S. E. 413), was before this court for decision, the court was evenly divided upon the question here involved. Since that time the personnel of the court has changed; and the court as now constituted is of the opinion that the income-tax act of 1929 does not apply to the profits realized from a sale of stock prior to the passage of this statute. It follows that the judgment in the present case must be

*Affirmed. All the Justices concur, except Russell, C. J., and Beck, P. J., who dissent.*