## GREEN & MILAM *v.* STATE REVENUE COMMISSION.

No. 12895. July 11, 1939.

*J. C. Murphy,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, B. B. Zellars* and *Claude Shaw, assistant attorneys-general,* contra.

JENKINS, Justice. With respect to the ruling in division 2 of the syllabus, Black on Income and Other Federal Taxes (3d ed.), § 56, has this to say: "On general principles and irrespective of explicit constitutional limitations, a statute imposing an income tax may subject to taxation the income of the citizen for the whole of the current year in which the statute is passed, that is, not only so much of the income as accrued from the date of the enactment of the law to the end of the year, but also that portion which accrued or was earned from the beginning of the year to the date of the law. For the year's income is treated and considered as one entire thing, not as being made up of several portions or items. And hence, although the statute might be called retrospective in its operation upon a part of the first year's income, it is not retrospective in such a sense as to render it unconstitutional. In 25 R. C. L. 795 (§ 42), it is stated that "an income tax law is not retroactive because it includes all incomes from the beginning of the year in which it is passed." See *Carroll* v. *Wright,* 131 *Ga.* 728 (63 S. E. 260) ; *Page* v. *Sansom,* 184 *Ga.* 623, 626 (192 S. E. 203) ; U. S. *v.* Hudson, 299 U. S. 498 (57 Sup. Ct. 309, 81 L. ed. 370). Nothing to the contrary was held in *Norman* v. *Bradley,* 173 *Ga.* 482 (160 S. E. 413), or *State Revenue Commission* v. *Lazear,* 179 *Ga.* 167 (175 S. E. 451). It is true that in the *Bradley* case three of the Justices were of the opinion that the enhancement in the value of stock, which had accrued before the year 1929 was not taxable when realized by a sale effected before the passage of the income-tax act in August 1929; and that in the *Lazear* case four of the Justices were of the same opinion. From the opinion of Mr. Justice Gilbert in the *Bradley* case it appears that the theory on which he based this opinion was that such previous enhancement could not be treated as profits accruing in the year in which the sale was made, but that any such previous enhancement had already ceased to be income, and had become property at the time the tax statute was enacted. It is manifest that no such reasoning would be applicable in the instant case. It is also true, however,

**444**

that in the *Bradley* case five of the six Justices were of the opinion that a profit on stock, even though accruing before the year in which the tax statute was enacted, was subject to taxation when the sale of the stock occurred after the passage of the statute. In the instant case, contrary to the facts in both the *Bradley* and *Lazear* cases, all of the profits here involved accrued during the year when the act was adopted, to wit, 1929; and there appears to be no reason why the general rule which has been stated should not be given application.

*Judgment affirmed. All the Justices concur.*