## Fidelity & Columbia Trust Co. v. Reeves, Commissioner of Revenue.

### May 16, 1941.

Woodward, Dawson & Hobson and Franklin P. Hays for appellant.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Parties stipulated that on April 4, 1935, trustee for Emma Bennett, received from the Axton estate certain described securities of the aggregate value of $8,000. On January 1, 1936, their value had nearly doubled, and when sold in February and May of 1936, this value had increased to some extent.

It was agreed that if the taxing authorities correctly adopted as a basis of assessment of income the plan of taking the difference in value as of April 4, 1935, and the sales price, disregarding exemptions, the taxable gain would be $7,463.12. However, if the proper method, as contended by appellant, was to take the difference in values as of January 1, 1936, and the sales prices as the basis, the taxable gain would be $1,770.55. Trustee had made return and paid the tax based on its method, but upon consideration the Director of Income Tax asserted a balance due of $243.76, certifying his conclusion to the commission, which upheld him and issued a deficiency notice. Upon review the commission declined to alter its ruling.

Appellant sought court review, the petition detailing the facts above stated, and that the law under which the assessment was made was not effective until August, 1936. The income tax act was introduced April 8, and approved May 8, 1936. Session Act 3d Ex. Sess. 1936, Ch. 7, now 4281b-1 et seq., Kentucky Statutes. The chancellor held that the application of the commission's method, as provided by the act, did not violate the Federal or State Constitutions. We incorporate such portions of the act (using statute sections) as are pertinent.

Section 4281b-2 includes in gross income "gains, profits and income derived from * * * sales or dealings in property * * *, real or personal, * * * including gains or profits and income derived through estates or trusts by the beneficiaries thereof * * * but income realized or loss sustained from the sale of property held two years or more * * * shall be ignored in computing income for purposes of this Act. * * * The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer."

Section 4281b-39:
"The taxes imposed by this Act shall first be collected and paid with respect to the net income received during the calendar year 1936."
Section 4281b-24:

"All return of income for the preceding taxable year shall be made on or before the fifteenth day of April in each year,"

with exceptions as to returns made on the fiscal year basis.

Section 4281b-6:

"Gains or losses from the sale or disposition of the property * * * shall be treated for purposes of this Act as all other income or loss if such property be disposed of within two (2) years from the time acquired, as provided in Section 2 hereof [4182b-2, Kentucky Statutes]. The basis for computing such gain or loss shall be the cost or, if acquired by some means other than purchase, the fair market value thereof at the time acquired."

Appellant summarizes its contentions thusly:

"The Commonwealth of Kentucky does not have the power to impose an income tax upon the increase in capital value of assets accruing from April, 1935 to Jan. 1, 1936, when such assets were sold in 1936 prior to the date the first Kentucky Income Tax law became effective, Aug. 7, 1936."

(2) "The Kentucky law does not require as a matter of construction, the taxation of the increase in value of capital assets prior to Jan. 1, 1936."

On this point we express no doubt as to the meaning of the law, or the obvious intention of the legislative body. The grounds stated, it is claimed, involve such provisions of the Federal Constitution as guarantee equal protection of the laws and due process, Amendment 14, and of our Constitution guaranteeing remedy by due course of law, Section 14, and providing for uniformity of taxation on like classes of property. Section 171.

The latter contention is based on the argument that there is lack of uniformity, because as asserted, when there has been an increase in value of capital assets, the act is complete and the total becomes property subject to the ad valorem rate and cannot be subjected to another tax. Counsel admits that in Reynolds Metal Co. v. Martin, 269 Ky. 378, 107 S. W. (2d) 251, 257, dismissed in United States Supreme Court for want of substantial federal question, 302 U. S. 646, 58 S. Ct. 146, 82 L. Ed. 502, we held that taxation of income did not constitute a tax on property. We find nothing presented by counsel to conflict with our conclusions in the Metal case, and wherein we held "that the receipt of income * * * is a taxable event is universally recognized." As recently as February, 1941, in Superior Bath House Co. v. Mc-Carroll, 61 S. Ct. 503, 506, 85 L. Ed. ..., the United

States Supreme Court, in speaking of a state income tax, said:

> "We have recently held that such a tax is not a tax on the income-producing property in any such sense as to preclude the tax for want of 'jurisdiction' of the state to lay it. * * * There is no occasion now to give renewed currency to the notion erroneously attributed to Pollock v. Farmers' Loan & Trust Company, 157 U. S. 429, 15 S. Ct. 673, 39 L. Ed. 759 * * * that a tax on income is subject to the limitations of a tax on the property which produces it."

The argument that the increase in value constituted non-taxable assets is chiefly based on Bundy v. Nygaard, 163 Wis. 307, 158 N. W. 87, L. R. A. 1917E, 563. There the taxpayer purchased stock in 1907 and sold it in 1914 at an advance. January 1, 1911, was the beginning of the year in which Wisconsin's first tax law was enacted, and it appeared there was no substantial difference between values as of January 11, and date of sale in 1914. The Wisconsin law provided:

> "That of the profits derived from the sale of real estate or other capital assets acquired previous to January 1, 1911, only such proportion shall be taxable as the time between January 1, 1911, and the date of sale bears to the entire time between the date of acquisition and the date of sale." St. Wis. 1913, Section 1087m—2(d).

The Wisconsin court held that insofar as the section quoted applied, since there had been no advance in the stock during the period covered by the assessment, the increase in value was capital property, and not taxable as income. But see West v. Tax Comm., 207 Wis. 557, 242 N. W. 165.

It is clear from reading our statute that it was so drawn as to constitute all gains as income, if the securities be held no longer than two years from the time acquired. Here the legislature specifically provided that gains from the sale of property of every character "for the purpose of this act shall be treated as income." We find nothing in either Constitution to preclude the legislature from defining taxable gain.

> "The capital gain or loss which may be given special treatment for federal income tax purposes, is

the gain or loss from the sale or exchange of 'capital assets' and the statutes have defined capital assets as property held by the taxpayer, excluding stock in trade of the taxpayer or other property of a kind which would be properly included in the inventory * * * if on hand at the close of the taxable year. And the gain on a sale of trust property was held to be a capital gain taxable at a special rate. * * * 27 Am. Jur. 158 and 159.'' Citing Helvering v. New York Trust Co., 292 U. S. 455, 54 S. Ct. 806, 78 L. Ed. 1361.

We find many cases upholding the federal statute taxing the gain on securities or other properties real and personal, held in trust. In some the debated question was whether or not, as to property acquired from a decedent either through intestacy or inheritance, the gain should be determined by the difference in value at time of death of testator, or at time of acquisition, in none of which was there expressed a doubt as to the right to tax the gain as income. This was discussed at length in Mc-Feely v. Com'r, 296 U. S. 102, 56 S. Ct. 54, 80 L. Ed. 83, 101 A. L. R. 304, in which the court, finding some difference in the Act of 1921, 42 Stat. 227, and acts of succeeding years from which the word "acquired" was omitted, held that the omission did not alter the meaning of assets as defined in the earlier act. Income implies something apart from principal and has been defined as the gain derived from capital, from labor or from both combined. Doyle v. Mitchell Bros., 247 U. S. 179, 38 S. Ct. 467, 62 L. Ed. 1054; United States v. Safety Car Heating Co., 297 U. S. 88, 56 S. Ct. 353, 80 L. Ed. 500; Tax Com'r v. Putnam, 227 Mass. 522, 116 N. E. 904, L. R. A. 1917F, 806.

On the subject of "accretions realized by sale or otherwise," 27 Am. Jur. Section 41 "Income Taxes" reads:

"Although the contrary result had been reached under the federal income tax law in force during the civil war, it is now well settled that accretions of value, as determined by a sale * * * of property are taxable under the 16th Amendment and the legislation enacted pursuant to it. This is likewise true under various state income tax laws. Moreover this principle is not limited to sales by dealers or traders, but the gain on an isolated sale or conversion by an investor, or one not a dealer or trader in such property, is taxable income. Under some stat-

utes, however, capital gains are not taxable.'' (Only one statute noted.)

In the case of Merchants' L. & T. Co. v. Smietanka, 255 U. S. 509, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305, the Supreme Court held that a testator by declaring in his will that accretions should be considered principal did not render such items nontaxable under income tax laws broad enough to include such accretions.

The argument is made that there is a clear distinction between the power to apply a taxing act which is the first of its character, to past transactions, and to transactions which occur after the passage of the initial taxing act. A case relied upon in support is Blodgett v. Holden, 275 U. S. 142, 276 U. S. 594, 48 S. Ct. 105, 106, 72 L. Ed. 206. The matter there under discussion related to the first Federal Gift Tax Section 319 et seq., 26 U. S. C. A. Int. Rev. Acts, page 79 et seq., June, 1924. In an opinion by a divided court it was the conclusion of four of the justices that the act could not, under the due process clause of the amendment, be applied to gifts made prior to the effective date of the act; four were agreed that the act was invalid, because it did not specifically state that the act was intended to include gifts prior to the date of approval though it laid the tax on gifts ''for the calendar year 1924 and each calendar year thereafter.'' The court said:

''As to the gifts which Blodgett made during January, 1924, we think the challenged enactment is arbitrary and for that reason invalid.''

Here was involved a tax on gifts inter vivos, and the donor under the act was required to report and pay. The transfer was the taxable incident. In Milliken v. United States, 283 U. S. 15, 51 S. Ct., 324, 75 L. Ed. 809, the question arose as to whether Congress had the power under the Act of 1918, 40 Stat. 1057, to levy an estate tax on transfers in contemplation of death, made prior to the effective date of the act, but at a period when a similar Act of 1916, 39 Stat. 756, was in effect. The question involved the application of the lower rate of 1916, or the higher rate of 1918; the donor had died subsequent to the 1918 Act. There was presented no question of the meaning of the act, or its application, except insofar as mentioned. The court held that the 1918 rate could be applied, basing its conclusion upon the fact that the Act of 1916 was in effect prior to the transfer. The Blodgett

case is distinguished in Reinecke v. Smith, 289 U. S. 172, 53 S. Ct. 570, 572, 77 L. Ed. 1109, in which the question was whether or not the inclusion of a revokable trust in computing the taxable income, Act of 1924 Section 219(g), 26 U. S. C. A. Int. Rev. Acts page 31, was of such retroactive effect as to contravene the due process clause. Under the prior law there was no taxation of such a trust. On the "due process of law" question the court said:

> "Nor do we think the act has such a retroactive effect as to render its requirements arbitrary within the principle announced as to estate and gift taxes in [other cases] and Blodgett v. Holden, 275 U. S. 142 [276 U. S. 594], 48 S. Ct. 105, 72 L. Ed. 206. In those cases the issue was the validity of a tax on a transaction consummated before the enactment of the statute authorizing the exaction. In the present case the subject of the tax is not the creation of the trusts or the transfer of the corpus from the grantor to the trustees, but the income of the trusts which accrued after January 1, 1924, the effective date of the Revenue Act of 1924. Although the act was passed June 2, 1924, the imposition of the tax on income received or accrued from the beginning of the year has been held unobjectionable." Citing cases.

In Welch v. Henry, 305 U. S. 134, 59 S. Ct. 121, 124, 83 L. Ed. 87, 118 A. L. R. 1142, on appeal by the taxpayer, the question was whether or not an act, March 27, 1935, Laws Wis. 1935, c. 15, imposing a tax on corporate dividends received in 1933, at a different rate from that fixed in a former act, was constitutional. The act was assailed on the same grounds as here put forth. The court said:

> "It cannot be doubted that the receipt of dividends from a corporation is an event which may constitutionally be taxed either with or without deductions [citing cases], even though the corporate income which is their source has also been taxed."

This case argues appellant is favorable, because in the opinion (as in others cited) it is shown that the power to tax this class of property had theretofore existed. We cite the case to differentiate the Blodgett and like cases, and the court noted the distinction.

> "In the cases in which this Court has held invalid the taxation of gifts made and completely vested before the enactment of the taxing statute, decision was rested on the ground that the nature or amount

of the tax could not reasonably have been anticipated by the taxpayer at the time of the particular voluntary act which the statute later made the taxable event. [Citing cases, supra, including Blodgett.] * * * But there are other forms of taxation whose retroactive imposition cannot be said to be similarly offensive, because their incidence is not on the voluntary act of the taxpayer. And even a retroactive gift tax has been held valid where the donor was forewarned by the statute books of the possibility of such a levy, Milliken v. United States [283 U. S. 15, 51 S. Ct. 324, 75 L. Ed. 809]. In each case it is necessary to consider the nature of the tax and the circumstances in which it is laid before it can be said that its retroactive application is so harsh and oppressive as to transgress the constitutional limitation.''

The argument here, of course, is that had the trustee been forewarned, there might have been a sale prior to January 1, 1936. Continuing, the court said in the Henry case:

''Property taxes and benefit assessments of real estate, retroactively applied, are not open to the objection successfully urged in the gift [tax] cases. * * * Similarly, a tax on the receipt of income is not comparable to a gift tax. We can not assume that stockholders would refuse to receive corporate dividends even if they knew that their receipt would be later subjected to a new tax or to the increase of an old one. * * * Assuming that a tax may attempt to reach events so far in the past as to render that objection valid, we think that no such case is presented here. For more than seventy-five years it has been the familiar legislative practice of Congress in the enactment of revenue laws to tax retroactively income or profits received during the year of the session in which the taxing statute is enacted, and in some instances during the year of the preceding session.''

The 16th Amendment was introduced in 1909. Seligman The Income Tax P. 590 et seq., and became effective February 25, 1913. 1 Paul and Mertens. Law of Federal Income Taxation, Section 1.05. The taxing act under the amendment was introduced in Congress on April 21, 1913 (50 Cong. Rec. P. 302), and became effective October 3, 1913. Section 2, Ch. 16, 38 Stat. 166.

"The statute was enacted October 3, 1913, and provided for a general yearly income tax from December to December of each year. Exceptionally, however, it fixed a first period embracing only the time from March 1, to December 31, 1913, and this limited retroactively is assailed as repugnant to the due process clause of the 5th Amendment, and as inconsistent with the 16th Amendment itself. But the date of the retroactivity did not extend beyond the time when the Amendment was operative, and there can be no dispute that there was power by virtue of the Amendment during that period to levy the tax * * *." Brashear v. Union Pacific Ry. Co., 240 U. S. 1, 3, 36 S. Ct. 236, 242, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713. See, also, Stockdale v. Atlantic Insurance Co., 20 Wall. 323, 331, 22 L. Ed. 348, and Lynch v. Hornby, 247 U. S. 339, 38 S. Ct. 543, 62 L. Ed. 1149.

MacLaughlin v. Alliance Ins. Co., 286 U. S. 244, 52 S. Ct. 538, 539, 76 L. Ed. 1083, involved the application of an Act of 1928, 26 U. S. C. A. Int. Rev. Acts, page 351 et seq., taxing certain income of insurance companies not theretofore subjected. Included was income from the sale of property, the taxable gain to be based on the value as of March 1, 1913, realized by sales in 1918. The district court, Alliance Ins. Co. v. MacLaughlin, 49 F. (2d) 361, held taxable only the accretion after January 1, 1928 (year of enactment), and the taxpayer there took the position that it would contravene the provisions of the Constitution if the taxing power was allowed to consider values prior to the effective date of the taxing act. The court upheld the taxing authorities, saying:

"Realization of the gain is the event which calls into operation the taxing act, although part of the profit realized in one accounting period may have been due to increase of value in an earlier one. While increase in value of property, not realized as gain by its sale or other disposition, may, in an economic or bookkeeping sense, be deemed an addition to capital in a later period, see Merchants' Loan & Trust Co. v. Smietanka, 255 U. S. 509, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305, it is nevertheless a gain from capital investment which, when realized, by conversion into money or other property, constitutes profit which has consistently been regarded as income within the meaning of the Sixteenth Amend-

ment and taxable as such in the period when realized.   *   *   *

"The constitutionality of a tax so applied has been repeatedly affirmed and never questioned. The tax being upon realized gain, it may constitutionally be imposed upon the entire amount of the gain realized within the taxable period, even though some of it represents enhanced value in an earlier period before the adoption of the taxing act."

A striking example of the principle stated is in La Belle Iron Works v. United States, 265 U. S. 377, 41 S. Ct. 528, 65 L. Ed. 998, where the court upheld the taxing authorities in disallowing claimed credits, and apparently subjecting to a tax gains accrued prior to 1913. But it is pointed out that in the MacLaughlin case, supra, the court said:

"Here there is no question of a tax on enhancement of value occurring before March 1, 1913, the effective date of the income tax act of that year, for the collector asserts no [such] right."

Similar language was employed by Justice Hand in Cohan v. Internal R. Com'r, 2 Cir., 39 F. (2d) 540, but what was said "was wholly unnecessary to the disposition of the cases and merely by way of illustration. Expressions of that kind may be respected, but do not control in a subsequent case when the precise point is presented for decision." Brush v. Com'r of I. R., 300 U. S. 352, 57 S. Ct. 495, 501, 81 L. Ed. 691, 108 A. L. R. 1428.

Appellee cites the case of Stockdale v. Atlantic Ins. Co., supra, and Snyder v. Com'r, 295 U. S. 134, 55 S. Ct. 737, 740, 79 L. Ed. 1351. We have quoted from the first case. In the latter it was said:

"But it is now too well settled for argument that gains realized from sales of property purchased in previous years, measured, as prescribed by Sections 111-113 of the 1928 Act, by the excess of proceeds of sale over cost, constitute income taxable in the year in which the sales are made. Doyle v. Mitchell Bros. Co., 247 U. S. 179, 184, 185, 38 S. Ct. 467, 62 L. Ed. 1054 [1060]; Hays v. Gauley Mountain Coal Co., 247 U. S. 189, 192, 38 S. Ct. 470, 62 L. Ed. 1061 [1063]; MacLaughlin v. Alliance Ins. Co., 286 U. S. 244, 250, 52 S. Ct. 538, 76 L. Ed. 1083."

One of the first state courts to have a similar ques-

tion presented was Mississippi; Fernwood Lumber Co. v. Tax Commission, 167 Miss. 273, 149 So. 727, 728, wherein it was contended:

"First, increase in the value of property is in no proper sense income, but is merely an increase in the value of its owner's capital; but, if mistaken in this, then, second, increase in the value of property accruing prior to the date on which it became subject to income tax thereon is property within the meaning of this section of the Constitution, and cannot be subjected to taxation thereafter as income, but only as property under the general revenue law."

The court held:

"* * * And increase in the value of property accruing over a series of years constitutes profit or gain, and may be taxed as income of the year in which it is converted into money or other property. 61 C. J. 1570; Merchants' Loan & Trust Company v. Julius Smietanka, [supra]; MacLaughlin v. Alliance Ins. Co. [supra]. That the profit or gain is evidenced by something which is property, taxable as such, does not render it exempt from taxation as income."

Fullerton Oil Company v. Johnson, 2 Cal. (2d) 162, 39 P. (2d) 796, 798, refers to many of the Supreme Court cases we have cited, and where similar contentions arose. The court wrote:

"Under the federal Income Tax Act, the federal courts have established the principle that 'income' within the meaning of the Income Tax Act is 'realized gain,' and that such realized gain is taxable in the year of its realization regardless of when it accrued. * * *

"Respondent concedes that accretions to capital accruing after the passage of the act can be properly taxed as income in the year of their fruition, but contends that accretions to value prior to the date of the taxing act cannot be so taxed. We can see no constitutional difference between accretions to capital prior to the date of the taxing statute and those accruing subsequent thereto. If increases in the value of property constitute income and constitute income in the year in which realized rather than in the years when such increases in value accrued, it would seem

that constitutionally speaking it makes no difference when such increases in value accrue—whether before or after the effective date of the taxing statute. This very point has already been decided in accordance with the above views of the United States Supreme Court.''

The court analyzed the facts in the MacLaughlin v. Alliance Insurance Company case, supra, and quoted:

''Congress, having constitutional power to tax the gain, and having established a policy of taxing it, see Milliken v. United States, 283 U. S. 15, 22, 23, 51 S. Ct. 324, 75 L. Ed. 809, may choose the moment of its realization and the amount realized, for the incidence and the measurement of the tax. Its failure to impose a tax upon the increase in value in the earlier years, assuming without deciding that it had the power, cannot preclude it from taxing the gain in the year when realized, any more than in any other case, where the tax imposed is upon realized, as distinguished from accrued, gain. If the gain became capital by virtue of the increase in value in the years before 1928, and so could not be taxed as income, the same would be true of the enhancement of value in any one year after the adoption of the taxing act, which was realized and taxed in another.''

Appellant cites Norman v. Bradley, 173 Ga. 482, 160 S. E. 413, in which the question was:

''Where taxpayers sold corporate stock in February and October, 1929, and realized profits thereon, all of which had accrued prior to 1929 [year of the act], are such profits taxable as income for that year?''

Bradley and Hunter had sold their stock prior to the effective date of the act. Glenn had sold after the effective date. The court held that Bradley's and Hunter's gains were not subject, but that Glenn's were, though all gains were prior to the date of the act. Glenn undertook appeal to the Supreme Court of the United States, but that court dismissed for want of substantial federal question; Glenn v. Doyal, 285 U. S. 526, 52 S. Ct. 404, 76 L. Ed. 923, 924. The case of Louisville Provision Co. v. Glenn, D. C., 18 F. Supp. 423, 432, is one where appellant and other mercantile firms attacked the ''unjust enrichment'' Act of 1936, Sections 501-506, 26 U. S. C. A. Int. Rev. Acts, pages 944-950, because, as they claimed, it was en-

534

acted for the deliberate purpose of preventing recovery of processing taxes, and asserted a tax on past accrued income, hence arbitrary. The court held the act constitutional, saying:

"As respects income tax statutes, in almost every instance some parts of them have been retroactive for reasonable periods. * * * The plaintiffs strongly rely on * * * Blodgett v. Holden, 275 U. S. 142, 276 U. S. 594, 48 S. Ct. 105, 72 L. Ed. 206 [and other cases], in support of their contention [that] the act is void because retroactive. Each of the cases cited involved the taxability of estates or gifts vesting before the acts were passed, and are clearly distinguishable from the case at bar."

Appellant relies on State Revenue Commission v. Lazear, 179 Ga. 167, 175 S. E. 451, which in part, followed Norman v. Bradley, supra. However, this ruling was apparently disturbed in the more recent case of Green & Milam v. State Revenue Commission, 188 Ga. 442, 4 S. E. (2d) 144. These cases are not in line with the majority.

In Van Dyke's Appeal, 217 Wis. 528, 259 N. W. 700, 709, 98 A. L. R. 1332, complainant objected to payment of taxes on interest received on certain bonds theretofore non-taxable, the court said:

"It has been held that an income tax law does not offend any constitutional provision because it is made to apply retroactively to the year in which it is passed. Income Tax Cases, 148 Wis. 456, 134 N. W. 673, 135 N. W. 164. Of course, a law must not be given retroactive effect or application beyond the time when a constitutional amendment authorizing the enactment of a particular law became effective. [Citing Supreme Court cases]. * * *.

"It thus appears that an income tax law which is given retroactive effect by the Legislature cannot properly be assailed on constitutional grounds, if it applies to the year in which the law is enacted or if it applies to prior but recent transactions."

Our Constitution, Section 174, provides:

"Nothing in this Constitution shall be construed to prevent the general assembly from providing for taxation based on income, licenses or franchises."

The cases cited above clearly and convincingly indi-

cate that the 16th Amendment to the Federal Constitution was sufficient notice to uphold Congress in fixing arbitrarily, March 1, 1913, as the pivotal date, though the Revenue Act was not introduced or enacted until later. See cases, supra.

We have not overlooked other cases cited by appellant but upon inspection we find nothing to justify us in holding otherwise than that the tax here imposed is not a tax on property; that the event which is clearly made taxable is the sale of the securities resulting in gain, where sold within two years of acquisition. Nor do we find that the method of taking the value of the property as of date of acquirement as a basis for fixing the gain, where property is sold in the year of the enactment, is arbitrary or unreasonable, or in conflict with any provision of either the State or Federal Constitutions. We find no case cited by appellant which would militate against our conclusion. The fact that the General Assembly in amending Section 4281b-1 in 1940, Ch. 179, Acts 1940, added these words: "This Act shall be retroactive in its entirety and shall be effective as of January 1, 1936," had no effect on Subsection 6 of the act, which provides for the "treatment" of gains. The amendment simply placed another class of property in the former classification, and evidenced no intention that the Act of 1936 was to have effect other than was indicated by its terms. Appellant by its own acts in the premises had construed the act to be effective as of January 1, 1936.

Counsel contends that taxing statutes, where doubt exists, are to be construed favorably to the taxpayer. There is another rule upon which the safety of our government and its institutions depend in a considerable degree. We must presume in favor of the validity of a law, until its violation of the Constitution is proved beyond reasonable doubt. This rule has maintained since its early pronouncement in Ogden v. Saunders, 12 Wheat. 213, 6 L. Ed. 606, and is the rule in this jurisdiction.

We are of the opinion that the chancellor correctly held that the application of the act as administered by the taxing authorities did not run counter to any provision of the Federal or State Constitutions, hence the judgment is affirmed.

The whole court sitting.

Chief Justice Rees and Judges Tilford and Ratliff dissenting.