MOTORS ACCEPTANCE COMPANY, Appellant, vs. WISCONSIN TAX COMMISSION, Respondent.

*April 5—May 3, 1927.*

*Income taxes: Profit on purchase of instalment paper.: When accrued: What constitutes taxable income: Basis of determination: Discretion of tax commission.*

1. In determining taxable income under the statute, a company buying and collecting deferred payment paper secured by conditional sale contracts or chattel mortgages which deducted all expenses of investigation, purchase, and handling except a small interest item, must consider the entire profit on all paper as income received during the year the paper is purchased. pp. 43, 46.

2. In construing the income tax statute, "income" may be either money or that which is convertible into money, and must be determined in accordance with the rules laid down by the statute, regardless of whether the application of such rules will establish the real net income available for the use and enjoyment of the producer. pp. 43, 45.

3. In order to arrive at a basis for determining the taxable income which measures the taxpayer's ability to pay, both his receipts and his expenditures should be computed upon the same basis. p. 44.

4. The details of the administration of the state income tax law must be left to the determination of the tax commission, which will be given a large degree of discretion so long as it does not tax as income that which is in fact not income for taxation purposes. p. 46.

APPEAL from a judgment of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Affirmed.*

Action by the *Motors Acceptance Company* to review and set aside a ruling of the *Wisconsin Tax Commission* determining the method in which the company should report its income. From a judgment affirming the ruling of the *Tax Commission* the *Motors Acceptance Company* appealed.

The *Motors Acceptance Company* is engaged in the business of buying and collecting deferred payment paper secured by conditional sales contracts or by chattel mortgages given by purchasers of automobiles or other similar property who pay therefor on the instalment plan. The company purchases this deferred payment paper at a discount. By its report it determined its profit by applying the percentage of discount at which paper was purchased to such sums only as were paid in cash upon such paper during the year for which the report of its income was made. The company deducted from the current year's income all expenses connected with the investigation, purchase, and handling of all paper purchased during the year, except the single item of interest which might be paid during any succeeding year on money which was borrowed to purchase the paper whose deferred payments were not all made within the current year. The *Commission* ruled that the income and the deductions therefrom must be reported on the accrual basis.

For the appellant there was a brief by *Lines, Spooner & Quarles,* and oral argument by *Louis Quarles* and *James T. Guy,* all of Milwaukee.

For the respondent there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

STEVENS, J.   The positions taken by the company and by the *Tax Commission* can be illustrated by assuming that the company purchased a $1,000 deferred payment note and contract for $900 on July 1st of a given year upon which the maker of the note was obligated to pay $100 a month. The company contends that it receives no profit or income from the transaction until cash is paid to it upon the note, and that as each $100 payment is made during the remaining six months of the year it received an income or profit of ten per cent. on the amount actually paid to it each month, making a total of $60 of profit or income on that transaction during the current year.   It contends that the balance of $40 of profit that it will make on the purchase of the note should be deferred until the next succeeding year.

The position of the *Commission* is that inasmuch as the company accrued all expenses connected with the purchase and handling of this $1,000 note and deducted all such expenses from the current year's income, except a comparatively small deferred interest charge, the company's report does not fairly reflect the taxable income of the current year unless profits, as well as expenses, are accrued as of that year.   The *Commission* required the company to report as a part of its taxable income for the year in which the purchase was made the entire profit of $100 made by the purchase of the $1,000 note for $900.   The correctness of this ruling is the single question presented by this appeal.

In solving this problem "it must be remembered that 'income' for the purposes of taxation is not necessarily identical with 'income' for other purposes, the declaring of dividends for example.   For taxation purposes 'income' is to be determined in accordance with rules laid down by the statute, and it may well happen that the application of such

rules will not establish the real net income in many instances, neither is it necessary that they should. The ultimate object to be attained is not to fix the real net income, which is left for the use and enjoyment of the producer thereof, but to arrive at a basis upon which a tax measured by his ability to pay is to be computed." *State ex rel. Stern M. Co. v. Tax Comm.* 170 Wis. 506, 510, 175 N. W. 931.

In order to arrive at a basis for determining taxable income which measures the appellant's ability to pay, both its receipts and its expenditures should be computed upon the same basis. The fundamental error of appellant's position is that it defers all profits not received in cash during the current year and at the same time deducts from the current year's income all expenses incident to the acquisition of the paper upon which it seeks to defer its profits. As pointed out by the *Commission,* by far the larger part of the expense incurred in order to produce the profit made by the purchase of each deferred payment note is incurred at and prior to the time that the purchase is made. This expense is not deferred by the company but is deducted from the profits of the current year. This practice has doubtless arisen from necessity, because it is impracticable, if not well nigh impossible, to accurately apportion and defer the amount of the expense incident to the investigation and purchase of each separate note. But the fact that such apportionment and deferring of expenses is impracticable does not give the appellant the right to adopt a method of reporting its income which does not correctly reflect its taxable income.

It therefore became the duty of the *Commission* to require the computation of income to be "made upon such basis and in such manner as in the opinion of the *Tax Commission* will clearly reflect such income." In making its ruling the *Tax Commission* was exercising the powers conferred upon it by sub. (3) (a) of sec. 71.02 of the Statutes.

The appellant is not to be classed with investment houses

which deal in securities. The appellant is not in the business of selling notes and conditional sales contracts. Like the taxpayer in *State ex rel. Waldheim & Co. v. Wisconsin Tax Comm.* 187 Wis. 539, 204 N. W. 481, its business is to hold such securities and to collect instalments as they become due. It is an agency that takes over and performs a part of the functions of the dealer who sells automobiles or other property on the deferred-payment plan. It does not handle a stock in trade which may or may not be sold at a profit. It holds adequately secured promises to pay definite amounts at fixed intervals. It can determine its profits on each deferred payment contract just as definitely as could the taxpayer in *State ex rel. Waldheim & Co. v. Wisconsin Tax Comm.* 187 Wis. 539, 204 N. W. 481.

In making its ruling the *Tax Commission* was not taxing as income that which was not income for taxation purposes. Income for the purposes of taxation need not be money which can be passed through the teller's window or profits which can be distributed to stockholders in cash. Income may be either money or that which is convertible into money. *Income Tax Cases,* 148 Wis. 456, 513, 134 N. W. 673, 135 N. W. 164.

In the *Waldheim Case* it was held that it was not necessary to reduce such contracts as those here in question to cash in order that they should constitute income as that term is used in the taxation of income. These contracts are convertible into money. In a world where cash plays so small a part in commercial transactions and where business is so largely done upon credit, it is not possible to reduce income taxation to the basis of the cash actually received and disbursed during the year without doing injustice either to the taxpayer or to the public, because the whole business structure is built on the use of credit. The law recognizes that losses and profits cannot be ascertained to perfection. For this reason ample provision is made for subsequent deduc-

tions for losses not anticipated when income tax reports are made.

Of necessity the details of the administration of the income tax law must be left to the determination of the *Tax Commission* and its staff, who possess expert knowledge with reference to the problems of taxation which is not possessed either by the legislature or the courts. So long as the *Commission* does not tax as income that which is in fact not income for taxation purposes, the *Commission* must be given a large degree of discretion in determining the method that will be adopted in ascertaining the taxable income of any income taxpayer.

Undoubtedly no system of taxation will be devised that will do absolute justice to every taxpayer. All that can be done is to adopt the system or method that will most clearly reflect the taxable income. The ruling of the *Commission* requiring the appellant to report its income on the accrual basis is a method that more clearly reflects appellant's taxable income than the one adopted by it.

*By the Court.*—Judgment affirmed.

ROSENBERRY and ESCHWEILER, JJ., dissent.