LAWRENCE, Appellant, vs. TAX COMMISSION, Respondent.

*November 7—December 5, 1933.*

For the appellant there was a brief by *Stephens, Sletteland & Sutherland* and *T. C. Kammholz,* all of Madison, and oral argument by *Mr. Kammholz.*

For the respondent there was a brief by the *Attorney General* and *F. C. Seibold,* assistant attorney general, and oral argument by *Mr. Seibold.*

OWEN, J. On the 20th day of January, 1927, R. E. Lawrence owned or controlled all of the outstanding shares of the capital stock of the Lawrence Restaurant Company, a corporation, at Madison. On said date he disposed of said shares to W. L. Bluteau and F. C. Oetking, in the manner following: he sold to each 110 shares, 60 of which were delivered immediately, for which $10,000 was paid by each of said purchasers. The remaining 50 shares were delivered to each of the purchasers, transferred upon the books of the company and new certificates issued, 50 shares to Bluteau and 50 shares to F. C. Oetking. The consideration to be paid by each of said purchasers for the 50 shares so received by each of them was $12,500, to be paid in annual instalments of $2,000 on January 20, 1928, 1929, 1930, 1931, and $4,500 on January 20, 1932. The 50 shares of stock so delivered to the purchasers were, pursuant to the contract, delivered to a trustee to be held by him in escrow as security for the deferred payments. The appellant re-

ported the receipt of $20,000 received on January 20, 1927, in his next income tax report and paid a tax thereon. He also reported each year thereafter the amount received pursuant to the contract in the nature of deferred payments and paid an income tax as reported.

In July, 1931, an additional assessment of income tax for the year 1927 was made against Lawrence. The additional assessment was based upon the theory that the entire contract price of the 220 shares of stock was taxable as income in the year 1927, even though appellant always reported his income on a cash receipt and disbursement basis. This additional tax was assessed by the income tax assessor for Dane county. Lawrence filed objections to the assessment, received a hearing before the income tax board of review, which confirmed the assessment but recommended that, because of the uncertain value of the contract, a twenty per cent. discount be allowed to the taxpayer. Lawrence then appealed to the Wisconsin Tax Commission, where the entire additional assessment was confirmed. From the latter Lawrence appealed to the circuit court for Dane county, where the order of the Wisconsin Tax Commission was confirmed. From the judgment of the circuit court Lawrence appeals to this court.

Appellant's contention here is, that that portion of the sale price of the stock of the Lawrence Restaurant Company represented by deferred payments did not constitute taxable income for the year 1927. The only question presented is whether such contention is correct. While it is the settled law of this jurisdiction that continuing businesses selling goods on the instalment plan may be required to report the amount outstanding in the form of instalment contracts as income (*State ex rel. Waldheim & Co. v. Tax Commission*, 187 Wis. 539, 204 N. W. 481; *Motors Acceptance Co. v. Tax Commission*, 193 Wis. 41, 214 N. W. 64), it has also

been held that this principle does not necessarily apply to isolated or occasional contracts. *Katz v. Tax Commission,* 210 Wis. 625, 246 N. W. 439. Of course the idea of the income tax law is to tax income, and income is cash or its equivalent. It must be money or that which is convertible into money. *Income Tax Cases,* 148 Wis. 456, at p. 513 (134 N. W. 673, 135 N. W. 164). Under the evidence in this case taken before the income tax board of review, we are satisfied that the contract securing the deferred payments was neither money nor was it convertible into money at anything like its face value. The income tax board of review expressed this view when it said:

"It is the opinion of the board of review that the taxpayer, in justice and equity, should be entitled to a discount of approximately twenty per cent. from the face value of the agreement and notes received by the taxpayer in this transaction. This opinion is based upon the general belief of the members of the board that contracts and obligations executed by individuals of relatively small financial means, although solvent, maturing over a period of years, are subject to at least twenty per cent. discount as above mentioned if the taxpayer desired cash at the time the transaction was made."

The evidence in the case shows that, while the purchasers of the stock were barely solvent, they were not men of outstanding means. They were obliged to rely largely on the profits of the business purchased to meet the deferred payments. The contract was secured only by the property which was the subject of purchase and sale. Upon default in payments, the seller had as security only that which he sold. If he was obliged to take it back he realized no profit or income whatever. There was no evidence in the case to show that the contract could have been converted into cash. There was evidence (although of somewhat doubtful competency) that the contract could not be converted into cash. The members of the board of review, applying their own

knowledge and experience, said that in justice to the taxpayer the contracts should be discounted twenty per cent. Being of this view, they should not have confirmed the action of the income tax assessor in making such additional assessment. He was justified in making such additional assessment only upon the assumption that the contract was readily convertible into cash. There is nothing in the case to indicate such to be the fact except the presumption which vindicates the action of taxing officials. While that presumption is sufficient to sustain the action of the taxing official in many instances (*Lewis v. Racine,* 179 Wis. 210, 190 N. W. 476), we consider that it is overcome in this case not only by such evidence as was produced but by the declaration of the income tax board of review above set forth. We regard the assessment of the additional income tax unjustifiable.

*By the Court.*—Judgment reversed, and cause remanded with instructions to render judgment vacating the order of the Wisconsin Tax Commission and setting aside the assessment complained of.