HARVEY and others, Appellants, vs. DEPARTMENT OF TAXATION, Respondent. [Four cases.] *

*January 17—February 15, 1949.*

* Motion for rehearing denied, with $25 costs, on April 12, 1949.

222

*E. C. Pommerening* and *Fred R. Wright,* both of Milwaukee, for the appellants.

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

FAIRCHILD, J.   The statute involved is sec. 71.02 (2) (d), Stats. 1943, which provides in part:

"All profits derived from the transaction of business or from the sale or other disposition of real estate or other capital assets; provided, that for the purpose of ascertaining the gain or loss resulting from the sale or other disposition of property, real or personal, acquired prior to January 1, 1911, the fair market value of such property as of January 1, 1911, shall be the basis for determining the amount of such gain or loss; and, provided, further, that the basis for computing the profit or loss on the sale of property acquired !by gift after 1922 but prior to July 31, 1943, shall be the same as it would have been had the sale been made by the last preceding owner who did not acquire it by gift; and in case the taxing officers are unable to ascertain the cost of the property to such prior owner, if acquired after January 1, 1911, then the basis shall be the value thereof at or about the time it was acquired by him, and such value shall be determined from the best information obtainable.   However, with respect to all gifts made after July 31, 1943, the basis for computing gain or loss resulting from the sale or other disposition of said property acquired by gift shall be the fair market value of said property at the time of the said gift or the valuation on which a gift tax has been paid or is payable. . . ."

The taxpayers' claims must stand or fall on the statute. The legislature is the authority in tax matters.   Its enactment

must be read with the principle in mind that when it has a reasonable basis it is not invalid. A particular method of fixing a gain or loss on property during a prescribed period of time is not necessarily unreasonable simply because it may differ from a method used in another and different period.

The appellants will have to come under that provision of the statute reading,—

". . . the basis for computing the profit or loss on the sale of property acquired by gift after 1922 but prior to July 31, 1943, shall be the same as it would have been had the sale been made by the last preceding owner who did not acquire it by gift; and in case the taxing officers are unable to ascertain the cost of the property to such prior owner, if acquired after January 1, 1911, then the basis shall be the value thereof at or about the time it was acquired by him, and such value shall be determined from the best information obtainable."

The provision being considered is not strange or contradictory when read with other portions of the same section. It provides a basis on which a loss or gain can be given due consideration in fixing a tax. Radical differences are not required in classifying taxes or methods to have a valid law.

The contention of the taxpayers that the words "or other disposition" must be carried into this provision because they appear in other parts of the statute cannot prevail. They are there used in relation to adjustments in other periods and are connected with different circumstances. We do not find it necessary to consider or interpret the meaning of those words in this case for the provision applying to the claims of the taxpayers confines the determination of the basis of loss to a sale. What was to be accomplished by using this method for property acquired by gift within the period fixed was for the legislature to consider. The economic conditions existing at the time of the enactment were among the proper matters for legislative consideration. The legislature has a broad discretion in such matters.

A deduction where there has been no sale by the donee as here cannot be allowed because, as suggested by the attorney

general: "In the absence of such special provision a taxpayer claiming a loss must compute his loss by using his own income-tax cost as a base." This leaves the taxpayers with no more and no less of value or worth between their holdings in 1936 and 1944.

The literal reading of the provision has a sufficient meaning as held by the appeal board and the circuit court. It is the one most nearly approximating legislative objectives, when read in the light of a view consistent with an adjustment of the statute to the purpose of taxing justly by allowing only losses actually sustained by a taxpayer. One who has something of value and sustains a loss because that value has vanished while in his hands may be said to be entitled to a deduction for that loss; but the loss must be ascertainable. One who between January 1, 1923, and July 31, 1943, acquired certificates of stock having no market value at the time has no basis on which to place a claim of loss. This provides against an undue exaction by way of tax on gain in case of sale by making the cost to the donor the base of comparison, while by the same provision it prevents a donee from accomplishing an unfair advantage by claiming a loss on nonsalable and worthless property that has never increased the worth of his holdings. In other words it keeps him from benefiting by a fictitious and nonexisting value. Had he made a sale (*bona fide*) there would be occasion for comparing the results of his sale with the cost of the property to the last owner not acquiring it by gift as against comparing the returns on the sale with the value of the stock when acquired by the donee. It is no answer to point to a different method of appraising the gain or loss on property differently acquired or acquired during a different period. It may well be that this particular method was devised to prevent a possible imposition on other taxpayers. It does require a sale by the donee as the starting point. Here there was no sale by the donee.

*By the Court.*—Judgments affirmed in each case.