W. R. ARTHUR & COMPANY, INC., Respondent, v. DEPARTMENT OF TAXATION, Appellant.*

*November 1—November 27, 1962.*

* Motion for rehearing denied, without costs, on February 5, 1963.

226

228

For the appellant the cause was argued by *Harold H. Persons* and *E. Weston Wood,* assistant attorneys general, with whom on the briefs was *John W. Reynolds,* attorney general.

For the respondent there was a brief by *Stephens, Bieberstein, Cooper, Bruemmer & Gartzke* of Madison, attorneys, and *Wickhem & Consigny* of Janesville, and *George L. Weisbard* of Chicago, Illinois, of counsel, and oral argument by *Adolph J. Bieberstein* and *John C. Wickhem.*

GORDON, J. The legislature recognized that there would be difficulties in apportioning the taxes of a unitary business which operates partly in Wisconsin and partly outside this state. A "unitary" business is one which functions as a single unit; that is, it is not divided into a separate entity for each of the states in which it operates. The legislature also recognized that no fixed formula would fairly fit all the multitudinous types of business. Accordingly, it gave a broad mandate to the Department of Taxation in sec. 71.07 (5), Stats., to prescribe rules to fit those cases which do not fall within the other provisions of sec. 71.07.

W. R. Arthur & Company, Inc., is a unitary company engaged in a multistate trucking business. It is clear that the statutory formula contained in sec. 71.07 (2) is inappropriate for purposes of apportioning the income of this taxpayer; the statutory formula is designed for manufacturing and mercantile enterprises.

As reflected in sec. Tax 2.45 of 6 Wisconsin Administrative Code, the Department of Taxation has adopted a rule to govern those cases which do not fall within the statutory formula. In such special cases the department "will substitute in the place of some or all of the statutory apportionment factors such other factor or factors as will reasonably apportion to Wisconsin the business income

properly assignable to Wisconsin." The problem before us is whether the factors and the formula used in the instant case fairly accomplish that purpose.

The taxpayer's principal argument is that the "originating revenue" factor is arbitrary and improper. In this case the originating-revenue factor equals the gross receipts. The two other factors which are employed in the formula adopted by the board of tax appeals (revenue miles and payroll) are not challenged by the taxpayer. In using 100 percent of the taxpayer's gross revenue in its formula, has the appellant improperly weighted its formula so that it seeks to tax income derived from business transacted outside of Wisconsin?

We reach the conclusion that the originating-revenue or gross-receipts factor is not an arbitrary one, nor does it taint the ultimate formula adopted by the board of tax appeals. As applied to this particular taxpayer, the inclusion of 100 percent of gross receipts as one factor in a three-factor formula constitutes a reasonable means of reflecting the company's income attributable to business done in Wisconsin. The formula takes into consideration the peculiar nature of its business activity; it also takes into consideration the fact that the respondent's one and only customer is in Wisconsin and that the taxpayer is headquartered in this state.

If used as a single factor, gross receipts would result in all of the taxpayer's income being taxed here, and this would obviously constitute an unfair tax. However, when it is used in conjunction with the two other factors, it cannot be said to be arbitrary or to result in an unfair apportionment of the income of the respondent under sec. 71.07 (5), Stats. The case of *Department of Taxation v. Blatz Brewing Co.* (1961), 12 Wis. (2d) 615, 108 N. W. (2d) 319, did not purport to interpret sec. 71.07 (5), and is therefore not controlling.

If one of several factors is challenged, it must be evaluated by the court not only upon its own merits but also in relation to the other factors, as well as in relation to the total composite result. Thus, the court must look not only at the individual factors but also at the final formula. We believe that in context with each of the other factors included in the formula adopted by the board of tax appeals in the instant case, the factors are all reasonable.

When a multifactor formula is used, each factor must bear a reasonable relationship to the taxpayer's business and to the other factors of the formula; it must also produce a fair apportionment when set in combination with other germane factors. The test is not whether, standing alone, a given factor produces a fair apportionment.

In our opinion, the taxpayer did not meet its burden of proving that the formula adopted by the board of tax appeals unfairly apportioned its income in Wisconsin. This court has placed the burden of proof upon the taxpayer in such cases as *Department of Taxation v. O. H. Kindt Mfg. Co.* (1961), 13 Wis. (2d) 258, 268, 108 N. W. (2d) 535, and *Laabs v. Tax Comm.* (1935), 218 Wis. 414, 424, 261 N. W. 404. However, we have not heretofore resolved the question of the burden of proof regarding an allegedly arbitrary formula as applied to an interstate taxpayer. We share the view expressed by the United States supreme court in *Butler Brothers v. McColgan* (1942), 315 U. S. 501, 507, 62 Sup. Ct. 701, 86 L. Ed. 991:

"One who attacks a formula of apportionment carries a distinct burden of showing by 'clear and cogent evidence' that it results in extraterritorial values being taxed."

*By the Court.*—Judgment reversed, with directions to enter judgment affirming the order of the Wisconsin board of tax appeals.