WICKHAM, Appellant, v. DEPARTMENT OF REVENUE, Respondent.*

*No. 200. Submitted January 5, 1973.—Decided January 30, 1973.*

For the appellant the cause was submitted on the briefs of *Arthur Wickham* of Milwaukee, pro se.

For the respondent the cause was submitted on the brief of *Robert W. Warren*, attorney general, and *Allan P. Hubbard*, assistant attorney general.

PER CURIAM. This case concerns the taxability of payments made to the taxpayer pursuant to an agreement by which he withdrew from a partnership. The relevant provisions of the agreement are straightforward. Under paragraph two, the partnership assumed taxpayer's share of the partnership liabilities. Under paragraph three, his interest in tangible assets on the partnership premises, excluding his personal effects, was transferred to the partnership. Under paragraph four, his interest in intangible assets was transferred to the partnership. Under paragraph six, the partnership was to pay to the taxpayer or his estate $700 per month for four and one-half years.

---

* Motion for rehearing denied, without costs, on March 27, 1973.

The taxpayer did not report any payments under the withdrawal agreement for income tax purposes for the years 1966 and 1967. The department assessed the gross amount of payments for those years as additional income. All payments were treated as "guaranteed payments" under sec. 736 of the Internal Revenue Code because the department had no information as to the basis or value of the taxpayer's interest in tangible partnership property. On application for abatement the payments were allocated between guaranteed payments under sec. 736 and payments in liquidation of taxpayer's partnership interest under sec. 731 according to the value of his capital account as shown on the books of the partnership.

We cannot agree with the taxpayer that the withdrawal agreement should be construed as a sale of his partnership interest to the remaining partners. The agreement contemplates the liquidation of the taxpayer's partnership interest in distributions to him by the partnership. The amount of the payments is determined without regard to the income of the partnership. On application for abatement the department was faced with the necessity of allocating part of the payments to tangible assets and the balance to intangible assets. Those payments allocated to tangible assets were to be treated as sales under sec. 731 of the Internal Revenue Code and those allocated to intangible assets were to be treated as guaranteed payments under sec. 736. The department allocated to tangible assets the amount of the taxpayer's capital account as reflected by the books of the partnership. This resulted in no gain or loss on the sale of tangible assets, the balance of the payments being treated as guaranteed payments. Payments made during 1966 and 1967, to the amount of the taxpayer's capital account, were treated as sec. 731 payments, and the assessment was abated to that extent. The taxpayer is in no position to complain about this allocation. It does not appear that his capital account was

reduced by any portion of the partnership liabilities which the partnership assumed under paragraph two of the agreement.

The taxpayer complains that he was not allowed credit for the value of individually owned assets which he sold to the partnership. The department's assessment was presumptively correct. *Woller v. Department of Taxation* (1967), 35 Wis. 2d 227, 151 N. W. 2d 170. The taxpayer had the burden of showing what assets individually owned by him were transferred to the partnership pursuant to the agreement. We agree with the circuit court that he did not carry his burden.

The taxpayer also argues that he is not liable for tax on the amounts paid to him by the partnership because under paragraph two of the withdrawal agreement he is relieved of "any and all liabilities in connection with the partnership affairs, including but not limited to any and all leases and other agreements which have been or will be made by the partnership." We construe the agreement as relieving the taxpayer from existing and potential liabilities which might have been asserted against him because of his capacity at one time as a partner. The obligation to pay tax upon amounts distributed by the partnership pursuant to a withdrawal agreement is a personal liability and does not fall within the language of the agreement.

The judgment is affirmed.